1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

THE GOLDFIELD CORPORATION,

8                          Plaintiff,

9         v.

10   HARTFORD ACCIDENT &
     INDEMNITY COMPANY;
11   FIREMAN'S FUND INSURANCE
     COMPANY,
12
                            Defendants.
13

NO:  14-CV-0134-TOR

ORDER OF TRANSFER

14        BEFORE THE COURT is Defendant Fireman's Fund Insurance Company's

15   Motion to Dismiss or Transfer (ECF No. 15).  This matter was submitted for

16   consideration without oral argument.  The Court has reviewed the briefing and the

17   record and files herein, and is fully informed.

18                          BACKGROUND

19        This case involves a dispute over insurance coverage for defense, response,

20   and remediation costs arising out of a United States Environmental Protection

ORDER OF TRANSFER ~ 1

Agency ("EPA") action involving land mined by Plaintiff Goldfield Corporation's predecessor. Plaintiff Goldfield Corporation ("Goldfield") sued Defendants Fireman's Fund Insurance Company ("Fireman's Fund") and Hartford Accident & Indemnity Company ("Hartford") for a declaratory judgment that provisions in the insurance policies issued by Defendants to Plaintiff's predecessor do not bar coverage. In the motion now before the Court, Defendant Fireman's Fund seeks to dismiss or transfer the case to the Middle District of Florida, citing the first-to-file rule.

## FACTS[1]

Plaintiff Goldfield Corporation ("Goldfield") is a corporation organized in Delaware with its principal place of business in Florida. Defendant Fireman's Fund Insurance Company ("Fireman's Fund") is a corporation organized and with its principal place of business in California. Defendant Hartford Accident & Indemnity Company ("Hartford") is a corporation organized in and with its principal place of business in Connecticut.

Goldfield's predecessor, the Goldfield Consolidated Mines Company, owned and operated a mining property called the Sierra Zinc Site in Stevens

---

[1] Unless otherwise noted, these facts are taken from Plaintiff's complaint and are considered true for the purpose of the instant motion only.

ORDER OF TRANSFER ~ 2

County, Washington, from 1947 to about 1956[2], when it sold the property.

Goldfield moved to Florida in 1969. ECF No. 22 at 17. Between 1977 and 1988,

Fireman's Fund issued a series of insurance policies to Goldfield. Between 1977

and 1991, Hartford likewise issued a series of insurance policies to Goldfield.

The Sierra Zinc Site includes a tailings impoundment that was not

previously reclaimed, and there may have been an overland flow of contaminants

from the site into the tributaries of the Columbia River. The United States

Environmental Protection Agency ("EPA") identified Goldfield as a potentially

responsible party, advised that it was conducting new sampling activities at the site

and was planning on taking removal action, and asked if Goldfield would take

responsibility for the site. Goldfield negotiated an Administrative Settlement

Agreement and Order on Consent ("AOC") with the EPA.

By a notice dated July 23, 2013, Goldfield tendered the EPA's claim to

defendants and requested that Fireman's Fund and Hartford each agree to defend

and indemnify it in connection with the EPA claim, seeking coverage for

remediation, damages and other expenses. By a letter dated September 30, 2013,

Fireman's Fund acknowledged Goldfield's tender and agreed to participate in the

defense of Goldfield from the date of tender, subject to its reservation of rights and

defenses under its policies, including its right to disclaim coverage for:

---

[2] It may have been until 1960. *See* ECF No. 21-4 at 2.

a. damages that are not because of "property damage";
b. "property damage" that did not occur during the policy period;
c. damages that did not arise out of an "occurrence";
d. damages falling within the terms of the sudden and accidental pollution exclusion;
e. damages falling within the terms of the owned property exclusion;
f. damages falling within the terms of the "alienated premises" exclusion.

By letter dated October 10, 2013, Hartford acknowledged Goldfield's tender and agreed to defend Goldfield pursuant to a full reservation of rights, including its right to deny coverage:

a. to the extent there is no "property damage" or "occurrence";
b. under the "sudden and accidental pollution" exclusion;
c. under the owned property exclusion.

On April 28, 2014, Fireman's Fund filed a complaint in United States District Court for the Middle District of Florida, Orlando Division, seeking a declaratory judgment that, *inter alia*, the EPA action does not allege "property damage" under the umbrella policies; that the EPA action does not allege an "occurrence" under the umbrella policies; that the EPA action does not allege "property damage" that occurred during the umbrella policies' periods and does not allege that the "property damage" was caused by an "occurrence"; that the umbrella policies' property damage to property owned by the insured exclusion precludes coverage; that the umbrella policies' pollution exclusion precludes coverage; that the umbrella policies mining operations exclusion precludes

1  coverage; that the EPA action does not allege "property damage" under the

2  primary policies; that the EPA action does not allege an "occurrence under the

3  primary policies; that the EPA action does not allege "property damage" that

4  occurred during the primary policies' periods and does not allege that the "property

5  damage" was caused by an "occurrence"; that the EPA action is not a "suit." ECF

6  No. 16-1, Exhibit A. On May 8, 2014, Goldfield filed a complaint in this Court

7  against Fireman's Fund and Hartford, seeking declaratory judgment that the term

8  "sudden and accidental" as used in the pollution exclusion in the Hartford and

9  Fireman's Fund policies means "unexpected and unintended" and does not bar

10  coverage for Goldfield, and that Defendants are obligated to defend and indemnify

11  Goldfield for its incurred defense expenses and response and remediation costs and

12  damages sought by the EPA with respect to the site. ECF No. 1 at 10. The lawsuit

13  also seeks a declaratory judgment that the owned property exclusion in the

14  Fireman's Fund and Hartford policies does not bar coverage for Goldfield, and that

15  Defendants are obligated to defend and indemnify Goldfield for its incurred

16  defense expenses and response and remediation costs and damages sought by the

17  EPA with respect to the site. ECF No. 1 at 11.  Six days later, on May 14, 2014,

18  Fireman's Fund filed an amended complaint in the Florida court, adding Hartford

19  as a defendant. ECF No. 16-1, Exhibit B.

20

1    In the motion now before the Court, Defendant Fireman's Fund moves the

2  Court for an order dismissing the case or transferring it to the Middle District of

3  Florida, under the first-to-file rule. Defendant Hartford seeks to join the motion.

4  Plaintiff opposes Fireman Fund's motion and Hartford's joinder, and seeks the

5  Court's consideration of the motion earlier than the 50 days required under the

6  local rules.

7                                     DISCUSSION

8  **A. The First-to-File Rule**

9    The question before this Court is whether, under the first-to-file rule, this

10  action should be dismissed without prejudice, transferred to the Middle District of

11  Florida, or stayed pending resolution of a case involving similar issues and most of

12  the same parties in the Middle District of Florida.

13    The first-to-file rule is a doctrine of federal comity that "permits a district

14  court to decline jurisdiction over an action when a complaint involving the same

15  parties and issues has already been filed in another district." *Pacesetter Systems,*

16  *Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir. 1982). "The most basic aspect

17  of the first-to-file rule is that it is discretionary; 'an ample degree of discretion,

18  appropriate for disciplined and experienced judges, must be left to the lower

19  courts.' " *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 628 (9th Cir.

20  1991) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180,

ORDER OF TRANSFER ~ 6

183–84 (1952)). Although discretionary, the rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of California v. U.S. Dept. of Army,* 611 F.2d 738, 750 (9th Cir. 1979). It "is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Id*. In applying the first-to-file rule, the Court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues. *Alltrade,* 946 F.2d at 625–26. If the action meets these requirements, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Several circumstances typically warrant an exception to the first-to-file rule, including bad faith, anticipatory suit, and forum shopping. *Alltrade,* 946 F.2d at 628. A court may also, "in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013); *see also Adoma v. Univ. of Phoenix, Inc.,* 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010). However, the Ninth Circuit has noted that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action. *Alltrade,* 946 F.2d at 628; *see also Pacesetter*, 678 F.2d at 96.

1    Defendant Fireman's Fund argues that the first-to-file rule requires that the

2    Court dismiss or transfer this case to the Middle District of Florida because a case

3    first filed in that district has overlapping issues and parties with the instant case.

4    ECF No. 15 at 5. The Court agrees. First, Fireman's Fund filed its complaint

5    against Goldfield in the Middle District of Florida on April 28, 2014. ECF No. 16-

6    1, Exhibit A. Goldfield filed the instant complaint against Fireman's Fund and

7    Hartford on May 8, 2014. ECF No. 1. Thus, the Florida case was filed first and the

8    first requirement is met. Second, the parties are similar. Goldfield is the defendant

9    and Fireman's Fund is the plaintiff in the Florida case. *See* ECF No. 16-1, Exhibit

10   A. Within 21 days of filing, Fireman's Fund amended its complaint to add

11   Hartford. ECF No. 16-1, Exhibit B. Third, the issues are similar. The parties'

12   lawsuits essentially seek a determination of whether the policies in question cover

13   the defense and costs under the EPA action at the Sierra Zinc Site. *See* ECF No. 1;

14   ECF No. 16-1, Exhibits A and B.  *See Inherent.com v. Martindale-Hubbell*, 420 F.

15   Supp. 2d 1093, 1097 (N.D. Cal. 2006) (sameness requirement satisfied if two

16   actions are substantially similar).

17   Goldfield opposes the motion for several reasons: (1) because neither

18   defendant has proper first-to-file status in Florida; (2) because Fireman's Fund

19   makes no claim against Hartford in its amended complaint; (3) because the rule

20   should not be strictly applied in light of defendants' anticipatory suit; (4) and

because venue is more convenient for witnesses and sources of proof in the Eastern District of Washington. ECF No. 22 at 11-14. As explained below, the Court finds these arguments unpersuasive.

1.   Whether Fireman's Fund's Case in Florida Has First-to-File Status

Goldfield maintains that neither Fireman's Fund nor Hartford has first-to-file status in the Florida court because they do not have jurisdictionally sound claims. ECF No. 22 at 11. Goldfield argues that the first to file is the party who first obtains proper jurisdiction, not a date stamp on a complaint. *Id*. at 11. Goldfield has filed two motions to dismiss challenging the Florida court's jurisdiction, arguing lack of subject matter jurisdiction, and lack of personal jurisdiction. *Id*. at 12.

With respect to Goldfield's personal jurisdiction argument, the Court notes that Goldfield's motion to dismiss on those grounds was withdrawn on August 4, 2014. *See* ECF No. 55.[3] Thus, it appears that Goldfield's argument on those

---

[3] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case.

grounds has been abandoned since it filed its response to the motion now before

this court. Accordingly, the Court declines to consider it further here.

With respect to Goldfield's argument that the Florida district court lacks

subject matter jurisdiction, the Court is likewise unpersuaded. Goldfield argues

that an insurer providing a defense under reservation of rights may not bring a

declaratory judgment action in Florida to obtain a determination that it has no duty

to defend. First, though Goldfield has filed a motion challenging the Florida

court's jurisdiction, the court (at the time of this Order's issuance) has not ruled on

that motion. It is not this Court's place to rule on the merits of that motion. But the

Court notes that it is unpersuaded by Goldfield's contention that the first court to

obtain jurisdiction over a case is the first court in which a case is filed. The case

Goldfield cites for this proposition, *Pacesetter*, cited above, does state that

"Normally sound judicial administration would indicate that when two identical

actions are filed in courts of concurrent jurisdiction, the court which first acquired

jurisdiction should try the lawsuit and no purpose would be served by proceeding

with a second action." *Pacesetter*, 678 F.2d at 95. However, a footnote in the same

case clarifies what it means by acquiring jurisdiction:

---

*See Wyatt v. Terhune,* 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003), overruled on

other grounds by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Lee v. City of Los

Angeles,* 250 F.3d 668 (9th Cir. 2001).

Pacesetter suggests that the first to file rule may have no application here because although the Florida action was filed before the California action, Pacesetter was not served with the Florida complaint until after the California action was filed. It therefore notes that the "Central District of California was (the) first court to gain jurisdiction over the parties." This contention is without merit. In view of the fact that Pacesetter had full knowledge of the Florida action before filing in California, basing this jurisdictional decision on the technicalities of service of process would be inappropriate. A federal action is commenced by the filing of the complaint, not by service of process. Fed.R.Civ.P. 3. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity.

*Pacesetter*, 678 F.2d at 96, n.3 (citation omitted). Thus, the *Pacesetter* court appears to have envisioned the first-to-file to literally be the first party to file a complaint. Accordingly, the Court finds that Fireman's Fund was the first to file its complaint in the Middle District of Florida.

2.  Whether Hartford's Presence in the Florida Lawsuit is Proper for Purposes of the First-to-File Rule

Goldfield argues that Fireman's Fund added Hartford as a defendant in its amended complaint in the Florida court only as a reaction to Goldfield's lawsuit in this Court, and that Fireman's Fund fails to allege any claim against Hartford in that amended complaint. ECF No. 22 at 13. Fireman's Fund counters that it added Hartford to the Florida litigation to bind Hartford to that court's declaration of Fireman's Fund's obligations under its policies and to prevent re-litigation of that issue in any subsequent contribution action by Hartford. ECF No. 24 at 5. As Fireman's Fund points out, "[u]nder Ninth Circuit law, an adjudication in a prior

action serves as a bar to litigation of a claim if the prior adjudication (1) involved

the same claim/issue as the later suit; (2) reached a final judgment on the merits,

and (3) involved the same parties or their privies." *Grondal v. United States*, 682 F.

Supp. 2d 1203, 1219 (E.D. Wash. 2010). Here, Fireman's Fund states that it seeks

to prevent Hartford from seeking contribution from it in future litigation, since

Hartford issued policies to Goldfield during the same time periods as Fireman's

Fund. Thus, though the individual counts in Fireman's Fund's Florida complaint

are directed at Goldfield, Fireman's Fund appears to intend the outcome of that suit

to keep Hartford from seeking contribution for any award Goldfield might obtain

against it. For this reason, the Court can see no impropriety in Fireman's Fund's

addition of Hartford to the Florida lawsuit. Nor has Goldfield offered a substantial

legal argument, other than to claim Hartford's addition was a "jurisdictional

charade" and "illusory." *See* ECF No. 22 at 12-13.

     3.   Whether Defendants' Lawsuit in Florida was Anticipatory

     Goldfield next argues that Fireman's Fund's lawsuit was anticipatory, and

that equitable concerns militate for denying Fireman's Fund's motion to dismiss or

transfer. ECF No. 22 at 14 ("Fireman's anticipatory and jurisdictionally flawed

coverage suit filed in Florida illuminates nothing more than a bad faith attempt to

forum shop at the expense of its insured, Goldfield."). The Court disagrees.

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (finding that plaintiff filed in anticipation of litigation where letter provided specific, concrete indication that litigation was imminent). "The anticipatory suit exception is rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum.' *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (finding first-filed case anticipatory where letter provided notice that a suit was imminent) (quoting *British Telecomm.*, 1993 WL 149860 at *3 (N.D. Cal. 1993).

Goldfield provides little substantiation for the argument that Fireman's Fund lawsuit is anticipatory, other than to state that Fireman's Fund filed the suit while the parties were still in negotiation, meeting with them and defending under a reservation of rights. Here, however, Goldfield does not allege (nor do facts that the Court can discern in the supporting materials indicate) that Goldfield threatened imminent suit before Fireman's Fund sued them. Rather, after it filed suit, before a conference call between Fireman's Fund and Goldfield, Fireman's Fund sent a letter to Goldfield indicating that it had determined that it was necessary to seek a declaratory judgment confirming that coverage was unavailable

for the claim. ECF No. 21-4 at 3. This does not appear to fit the scenario in which a potential plaintiff makes clear its intention to sue and is beat to the courthouse by its would-be defendant for forum shopping reasons.

Nor does it appear that Fireman's Fund was forum shopping in the traditional sense. Goldfield's principal place of business is Florida, and Goldfield was located in Florida when the insurance policies in question were issued. Thus, filing a lawsuit disputing coverage for those insurance policies in the district in which they were issued does facially implicate improper forum shopping.

4. Whether the Court should Decline to Apply the First-to-File Rule Because this Forum is More Convenient

Goldfield argues that the Court should exercise its discretion not to apply the first-to-file rule in the instant case because the Eastern District of Washington is far more convenient, asking that the court consider the factors used in motions to transfer pursuant to 28 U.S.C. § 1404(a). ECF No. 22 at 15.

As noted above, other district courts have held that a court may, "in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013); *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142,

1149 (E.D. Cal. 2010).  The factors a court considers when entertaining a motion

to transfer venue under § 1404 include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (internal

citations omitted).

Goldfield's arguments center around the fact that the Sierra Zinc Site is

located in the Eastern District, and as such, access to documents and the subpoena

power for non-party witnesses must make the Eastern District the more convenient

and least expensive venue. However, as the Fireman's Fund argues, the dispute at

issue in Goldfield's complaint is coverage under the policies issued by Fireman's

Fund and Hartford. According to Goldfield's complaint, all the policies were

issued after 1977, by which time Goldfield had already moved to Florida. Thus, the

dispute, which is about insurance policy coverage and involves insurance policy

interpretation, concerns policies that were purchased by Goldfield while it was in

Florida—approximately ten years after it had sold the property at issue in

1    Washington.  Insofar as the EPA records about the site are necessary to the

2    litigation, their relocation to the Middle District of Florida does not seem to be a

3    hardship warranting this court's maintaining the case in this district. Insofar as cost

4    considerations for witnesses come into play, Goldfield has acknowledged that its

5    employees—presumably most of whom are from Florida, where the company is

6    now located—have never been to Sierra Zinc mine site, have no first-hand

7    knowledge of it, nor were they involved in the operation or maintenance of the site.

8    Furthermore, witnesses working for Goldfield having knowledge of the negotiation

9    of the insurance policies would likely be at their company headquarters in Florida.

10    EPA employees who might be called as witness would be outside the subpoena

11    power of the Florida court if they, as Goldfield claims, are based in Washington or

12    Idaho. However, again, as Fireman's Fund points out, this is a case about insurance

13    policy coverage; as such the question is about policy interpretation and the EPA's

14    testimony can have a limited impact on the outcome.

15        Furthermore, the Ninth Circuit has noted that relaxing the first-to-file rule on

16    the basis of convenience is a determination best left to the court in the first-filed

17    action. *Alltrade,* 946 F.2d at 628; *see also Pacesetter*, 678 F.2d at 96. In light of

18    this, the Court declines to exercise its discretion in applying the §1404 factors to

19    avoid the first-to-file rule.

20        For these reasons, the Court finds that the first-to-file rule applies.

### B. Hartford's Joinder to Fireman's Fund's Motion

Hartford joined Fireman's Fund's motion to dismiss or transfer, adopting and incorporating by reference the legal arguments and authorities cited in the motion. ECF No. 17. Goldfield opposes Hartford's joinder on grounds that Hartford cannot join because Hartford does not sit in the same position as Fireman's Fund for purposes of establishing first-to-file status; because Hartford cannot procedurally preserve rule 12(b) defenses for later by joining the motion to dismiss; and because Harford's joinder with Fireman's assertion that there are two additional parties in Florida (Twin City and First State) is procedurally flawed.

First, the Court need not decide whether Hartford has preserved its Rule 12(b) defenses for later; having decided to apply the first-to-file rule, this is no longer a question for this court to consider.

Second, the Court need not consider Goldfield's opposition to Hartford's joinder to Fireman's Fund's argument about Twin City and First State, the parties joined in the Florida case, because the Court does not rely on that argument in considering Fireman's Fund's substantive motion to dismiss or transfer.

Third, while the Court agrees that Hartford cannot assert Fireman's Fund's filing of its complaint on its own behalf, since it did not file a complaint first in another Court, this ultimately has no impact on the outcome of the motion.

1   Hartford, by its motion to join Fireman's Fund's motion, indicated its assent to

2   transfer or dismissal of the case before this Court.

3       **C. Time for Consideration**

4       Goldfield argues extensively that the Court should set the motion for hearing

5   before the 50 days required in the local rules, maintaining that the motion is not

6   dispositive because it calls for transfer, stay or dismissal without prejudice. Under

7   the Local Rules, this motion was properly noted for 50 days from the time of filing.

8   *See* L. R. 7.1(h)(2)(B).  In any event, the issue is now moot.

9                               CONCLUSION

10      Thus, the Court finds that the threshold requirements for the first-to-file rule

11  have been met: the lawsuit in Florida was filed first, and involves the same parties

12  and the same basic issues. It was not, as far as this Court can discern, the product

13  of forum-shopping or an anticipatory lawsuit.  Keeping this second-filed lawsuit in

14  this Court could lead to conflicting judgments, in opposition to the policies

15  underlying the first-to-file rule. Rather than dismiss the case or stay pending

16  resolution of the jurisdictional challenges, the Court finds it most expedient to

17  transfer this case to the Middle District of Florida so that it may adjudicated with

18  Fireman's Fund's action in that court. Accordingly, and for the reasons stated

19  above, this case shall be transferred to the Middle District of Florida.

20  *///*

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Fireman's Fund Insurance Company's Motion to Dismiss or Transfer (ECF No. 15) is **GRANTED**.  This case is hereby **TRANSFERRED** to United States District Court for the Middle District of Florida for all further proceedings.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, effectuate the transfer of the electronic file to the Clerk of Court for the Middle District of Florida for all further proceedings and **CLOSE** this District's file.

**DATED** August 15, 2014.



THOMAS O. RICE
United States District Judge